IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LISA M. WOLFE,

      Plaintiff,

                                        Case No. 2:08-cv-933
                                        JUDGE GREGORY L. FROST
      v.                               Magistrate Judge Mark R. Abel

THERMO FISHER SCIENTIFIC,
INC., et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Partially Dismiss Plaintiff's Complaint (Doc. # 7), Plaintiff's Memorandum in Opposition to Defendants' Motion to Partially Dismiss Plaintiff's Complaint (Doc. # 13), and the Reply Brief in Support of Defendants' Motion to Partially Dismiss Plaintiff's Complaint (Doc. # 16). For the reasons that follow, the Court **GRANTS** Defendants' motion.

### I. Background

The following facts are taken from the complaint. (Doc. # 2.) From July 18, 1985 to October 15, 2007, Plaintiff was employed by Defendant Thermo Fisher. On September 22, 2007, Plaintiff attended a company-sponsored event which included a boat cruise where alcoholic beverages were served. During the cruise, Plaintiff hugged a female coworker whom she had not seen for some time. Immediately following, Plaintiff's supervisor and other managers "commented, made fun, ridiculed and made other inappropriate and sexually charged remarks about the 'hug.' " *Id.* ¶ 16. Shortly after the cruise, Plaintiff was allegedly falsely charged with sexual harassment related to the hug. This "false charge of sexual harassment was

spread to other employees and managers" causing Plaintiff to experience "harassment and ridicule." *Id.* ¶ 18.

Plaintiff further alleges that on October 4, 2007, she was "forced to meet with Defendants" and was interrogated and asked "inappropriate and sexually offensive and intimidating questions about Plaintiff's personal and sexual life outside of work with the purpose, intent and effect of humiliating Plaintiff." *Id.* ¶¶ 21, 22. Defendants "threatened and intimidated Plaintiff in an attempt to obtain private information about Plaintiff's personal and sexual life outside of work, including" threatening to terminate her husband, who was also employed by Thermo Fisher. *Id.* ¶ 23. Finally, Plaintiff claims that she was ultimately terminated because of her complaints about the hostile work environment to which she was subjected.

Plaintiff filed this action on October 3, 2008, alleging sexual harassment, discrimination and hostile working environment, retaliatory termination, false imprisonment, defamation, intentional infliction of emotional distress, and invasion of privacy.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. Under this standard, a court must construe the complaint in favor of the plaintiff, accept the factual allegations contained in the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[1] "Factual allegations must be enough to raise a right to

---

[1]The Court notes that neither Plaintiff nor Defendants argue under the current standard applicable to Fed. R. Civ. P. 12(b)(6) dismissals and, specifically, Plaintiff argues under a now defunct standard, *i.e.*, a complaint should not be dismissed for failure to state a claim unless it

relief above the speculative level." *Id.* Indeed, the claims must be "plausible" and not merely "conceivable." *Id.*

### III. Analysis

Defendants move to dismiss Count II and VII in their entirety and the federal claims encompassed in Count IV. In her memorandum in opposition, Plaintiff "concedes the dismissal of Count II, in its entirety, and Count IV, as to federal claims only." (Doc. # 13 at 2.) Consequently, the only request before the Court is one for dismissal of Count VII, Plaintiff's claim for intentional infliction of emotional distress. It is well accepted that intentional infliction of emotional distress claims may entirely be dealt with on a motion to dismiss. *See Miller v. Currie*, 50 F.3d 373, 377-78 (6th Cir. 1995) (citing *Rogers v. Targot Telemarketing Servs.*, 70 Ohio App. 3d 689 (1990)).

To state a claim for intentional infliction of emotional distress in Ohio, a plaintiff must allege that "(1) defendants intended to cause emotional distress, or knew or should have known that their actions would result in plaintiff's serious emotional distress, (2) defendants' conduct was extreme and outrageous, (3) defendants' actions proximately caused plaintiff's emotional

---

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. As the Sixth Circuit has explained:

> In [*Twombly*], the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S. Ct. at 1969.

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

3

injury, and (4) plaintiff suffered serious emotional anguish." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citing *Hanly v. Riverside Methodist Hosps.*, 78 Ohio App. 3d 73 (Ohio Ct. App. 1991) and *Pyle v. Pyle*, 11 Ohio App. 3d 31 (Ohio Ct. App. 1983)). Ohio courts define extreme and outrageous conduct exceedingly narrow. *See Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999) ("[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement.").

Plaintiff alleged the following as support for her intentional infliction of emotional distress claim:

> Defendants commented, made fun, ridiculed and made other inappropriate and sexually-charged remarks at a company-sponsored event. Defendants' behavior continued in the workplace. A false charge of sexual harassment was made against Plaintiff. Defendants failed to investigate Plaintiff's own complaints of sexual harassment and retaliation while at the same time pursuing a false claim against her. Finally, Defendants falsely imprisoned Plaintiff for four hours without food or water while they interrogated, intimidated, harassed and embarrassed her.

(Doc. # 13 at 4) (internal citations to the complaint omitted). Defendants argue that these facts fail to rise to the level of outrageous conduct necessary to support an intentional infliction of emotional distress claim. This Court agrees.

The Ohio Supreme Court elaborated upon what constitutes extreme and outrageous conduct sufficient to support a claim of intentional infliction of emotional distress:

> With respect to the requirement that the conduct alleged be "extreme and outrageous," we find comment d to Section 46 of the Restatement, *supra*, at 73, to be instructive in describing this standard:
>
> "* * * It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in

4

> character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'
>
> "The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. . . ."

*Yeager v. Local Union 20*, 6 Ohio St.3d 369, 374–75 (1983) (citing Restatement of the Law 2d, Torts (1965) 71, Section 46(1)). *See also Voyticky v. Timberlake*, 412 F.3d 669, 678 (6th Cir. 2005) (citing same passage); *Wilson v. Columbus Bd. of Educ.*, 589 F. Supp. 2d 952, 971 (S.D. Ohio 2008) (same).

In the case *sub judice*, Plaintiff has alleged "acts that are definitely inconsiderate and unkind." She has also allegedly been subject to "insults, indignities, threats, [and] annoyances." Indeed, Plaintiff has alleged that Defendants "acted with an intent which is tortious or even criminal, or . . . characterized by 'malice[.]' " However, as just quoted, these acts–while certainly incorrigible by an employer–do not rise to the level of intentional infliction of emotional distress under Ohio law. These alleged acts are simply not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager*, 6 Ohio St.3d at 375. *See also Hill v. Village of West Lafayette*, Case No. 95 CA 27, 1996 Ohio App. LEXIS 3721(Ohio Ct. App. May 24, 1996) (false disciplinary charges and defamatory conduct insufficiently extreme or outrageous); *Baab v. AMR Servs. Corp.*, 811 F.Supp. 1246, 1269–70 (N.D. Ohio 1993) ("pin-ups of scantily clad celebrities in common areas, the hidden display of

pictures of naked women (not engaging in sexual acts) to which plaintiff was exposed by coworkers, and the receipt of pornographic, explicit photographs and sex toys in her locker" not sufficient).

Accordingly, even when construing the complaint in favor of Plaintiff and accepting the factual allegations contained in the complaint as true, Plaintiff's allegations do not set forth a plausible claim for intentional infliction of emotional distress under Ohio law. *See Twombly*, 550 U.S. at 555.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Partially Dismiss Plaintiff's Complaint. (Doc. # 7.)

**IT IS SO ORDERED.**

<u>/s/ Gregory L. Frost</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**